The opinion of the Court was delivered by
Mr. Justice Nott.
This is a motion for a new trial, on the several grounds above stated. It is not necessary in this case to decide the question, whether a deed which is more than thirty years old may be read *161 in evidence as an ancient deed without proof, where it has not been followed by possession. For the possession of Francis Ross, and all who have held under him, although he had only equitable title, was sufficient to satisfy the law in that respect. It is not necessary that the immediate grantee should have been in possession. It is enough that those have been who derive' title under him.
whether an erasure in a deed J®t> ™‘®rl'fom0¿ qSo“votVfact
The objection appearing on the face of the deed to Richardson, appeared at first view to present a greater difficulty. But 1 think it was properly admitted. For whether an erasure be † 1 ^ 4 in a material part or not, may sometimes involve a question of fact as well as law. And although it must be confessed, that this alteration does appear to have been intended to give some effect to the operations of the deed; and such, perhaps, as would in ordinary cases have authorized its rejection; yet in this case its admission could furnish no good ground for a new trial. The land was sufficiently described in other parts of the deed; and the only object of this alteration, was to identify the property. But it was the title only, and not the identity, that was in issue. And whether it even had that effect, was a matter to be determined by evidence, aleiende; and, therefore, was proper for the consideration of the Jury. But 1 consider not only the alteration, but the deed itself, as immaterial in this case. Permitting such a defence in an ae~ *162 tion of this sort, where there has been no eviction, and, only a general warranty of title, is pecaliar to this state. It was originally an usurof power in our Courts, to prevent a circuity and multiplicity of actions. But it has too long prevailed, and the correctness of it been too solemnly adjudged, to be now questioned* The policy of it, however, is not the less questionable; and the principle is not to be extended. I believe the decisions have never gone so far as to allow a person to avail himself of this defence, merely because the plaintiff had not produced a complete chain of title in himself; but the defendant must show a better title actually subsisting in some other person. As soon, therefore, as the plaintiff showed an older grant to John Armstrong than those produced on the part of the defendant, there was an end of the defence; and the possession of Francis Ross, and those under him, with the evidences of title which they possessed, gave the defendant a good and indefeasible title against all the world. If every deed from Armstrong to Ross had been blotted out of the chain of title, the defendant could never have been disturbed in his possession. It is worthy of remark, also, that the objection does not come from a person claiming adversely to the defendant’s title; but it is the party himself raising an objection to his own title, the validity of which no other person has ever contested: and that while he still remains
4 *163 in the quiet undisturbed possession of the property. The motion then cannot be granted, on either of those grounds.
a party cannot stop interest The ¿s‘e™io™or the land is genetotieinSfSr neypurclia3e~mü'
The next question is, whether he was entitled to an abatement of interest? Perhaps the difficulty of ascertaining the extent of such abatement, if any should be allowed, would be a sufficient answer to that question. The defendant purchased several tracts of land from the plaintiff; the relative value of each does not appear to have been taken into consideration at the time of the contract, nor to have been ascertained since; and it is somewhat doubtful, at least, whether there are any data by which, according to the rules and practice of this Court, that fact could be ascertained.' But it is unnecessary now to decide the question. The defendant had i , t n,i . ,. , , never made a tender oí the money; he did, to be sure, say he would pay, if the other would show . , him a good title. But no exhibition of money was made; and there is no evidence that he ever was ready to pay. But besides, he has always been in the peaceable enjoyment of the property; and if it was worth the price contracted for, the use and occupation wqre worth the interest. It was indeed proved that some person had threatened to indict him, unless he desisted from cutting timber on some part of the land; but that was a mere empty menace, which was not to be regarded. It is to be presumed that he was made acquainted with the plaintiff’s title when *164 he purchased, and relied upon his warranty, to-, which he might have had recourse if he had been evicted. On all the grounds, therefore, I of opinion the motion ought to. be rejected.
Bay, Colcock, Gantt, Johnson, and Cheves, J. concurred.